# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| KENDALL MORRISON, | Civil Action No. 19-18743 (SRC) |
| Plaintiff, | **OPINION & ORDER** |
| v. |  |
| SPIRIT AIRLINES, INC., JOHN DOES 1-10, and ABC COMPANIES 1-10, |  |
| Defendants. |  |

This matter comes before the Court upon a motion to remand filed by Plaintiff Kendall Morrison ("Plaintiff" or "Morrison"). Defendant Spirit Airlines, Inc. ("Defendant" or "Spirit Airlines") opposes the motion. The Court has reviewed the parties' submissions and proceeds to rule without oral argument, pursuant to Federal Rule of Civil Procedure 78.

Briefly, this personal injury action arises out of a July 30, 2018 incident that occurred while Plaintiff was aboard a Spirit Airlines aircraft at Newark Liberty International Airport. The Complaint alleges that Spirit Airlines allowed a hazardous condition to exist which caused Plaintiff to slip and fall. As a result of the fall, Plaintiff "sustained serious and permanent injuries." (Compl. ¶ 11.)

Morrison, a New Jersey resident, filed suit in the Superior Court of New Jersey, Essex County, on or about July 29, 2019. Plaintiff named the following individuals and corporations as defendants: Spirit Airlines, Inc., Port Authority of New York and New Jersey, John Does 1-10,

and ABC Companies 1-10. On or about September 25, 2019, Plaintiff filed a notice of voluntary dismissal as to all claims against Defendant Port Authority of New York and New Jersey.

Spirit Airlines removed the action to this Court on October 4, 2019, asserting diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Plaintiff moves for remand of the action and maintains that 1) Spirit Airlines is a citizen of New Jersey, and 2) the amount in controversy does not exceed $75,000. Spirit Airlines argues that it is not a citizen of New Jersey and that the amount in controversy greatly exceeds $75,000. Defendant states that Spirit Airlines is a corporation that is incorporated in Delaware with its principal place of business in Miramar, Florida.

It is well-established that for a federal court to have subject matter jurisdiction under Section 1332(a)(1), there must be complete diversity, meaning all plaintiffs must be citizens of a different state or states than all defendants, and the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1); Strawbridge v. Curtiss, 3 Cranch 267, 2 L.Ed. 435 (1806) (holding that, for jurisdiction to attach under section 1332(a)(1), there must be complete diversity between all plaintiffs and defendants); see also Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978) (reaffirming long-standing and undisturbed interpretation of 28 U.S.C. § 1332(a)(1) as standing for the rule that "diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff.").

For purposes of diversity jurisdiction, "[a] natural person is deemed to be a citizen of the state where he is domiciled." Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 182 (3d Cir. 2008) (citations omitted). A corporation is deemed to be a citizen of the state in which it is incorporated and of the state "where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). Thus, in order to establish jurisdiction under Section 1332(c), a corporate plaintiff must plead both its

state of incorporation and the location of its principal place of business. Carolina Cas. Ins. Co. v. Ins. Co. of N. Am., 595 F.2d 128, 130 n.1 (3d Cir. 1979); Poling v. K. Hovnanian Enters., 99 F. Supp. 2d 502, 515 (D.N.J. 2000).

In the matter before the Court, Plaintiff argues that remand is necessary because complete diversity does not exist among the parties. It is undisputed that Plaintiff Kendall Morrison is a citizen of New Jersey. Although the parties agree that Spirit Airlines is incorporated in Delaware, Plaintiff argues that Spirit Airlines' principal place of business is in New Jersey due to its substantial connections to the state. Based on this, Plaintiff argues that Spirit Airlines is also a citizen of New Jersey. However, a corporation's principal place of business is not determined by the corporation's "substantial connections" to the state. Rather, the term "principal place of business" in Section 1332(c)(1) "refers to the place where [a] corporation's high level officers direct, control, and coordinate the corporation's activities[,]" often described as a corporation's "nerve center." Hertz Corp. v. Friend, 559 U.S. 77, 80-81 (2010). In Hertz, the Supreme Court explains that the nerve center "should normally be the place where the corporation maintains its headquarters[.]" Id. at 93. It is not necessarily the place where a corporation's operations or sales are principally carried out, however. Indeed, even "if the bulk of a company's business activities visible to the public take place in New Jersey," if that company's "top officers direct those activities just across the river in New York, the 'principal place of business' is New York." Id. at 96.

Defendant has established that Spirit Airlines' principal place of business is located in Miramar, Florida. In her sworn declaration, Meisha Coulter, Spirit Airlines' Senior Director and Legal Counsel, states that Spirit Airlines is incorporated in the state of Delaware, a fact which Plaintiff does not dispute. (Coulter Declaration, ¶ 5.) Ms. Coulter further states that Spirit

Airlines' principal place of business is in Miramar, Florida. (Id.) Spirit Airlines' corporate headquarters is located at 2800 Executive Way, Miramar, Florida, and its executive officers who are responsible for "directing, controlling, and coordinating Spirit Airlines' corporate policy, activities and operations" maintain offices and carry out their duties at the corporate headquarters. (Id. at ¶ 7-8.) Moreover, the "corporate departments that direct, control, and coordinate Spirit Airlines' major corporate functions" are based at the corporate headquarters in Miramar, Florida. Based on this, Defendant has clearly established that Spirit Airlines' "nerve center" is located at headquarters in Miramar, Florida, and consequently, Spirit Airlines' principal place of business is located in Florida. Thus, the Court finds that complete diversity exists among the parties.

Plaintiff next contends that the amount in controversy does not exceed $75,000. Diversity jurisdiction requires an amount in controversy exceeding $75,000. 28 U.S.C. 1332(a). Where, as in this case, the dispute over subject matter jurisdiction also concerns the amount in controversy, the Third Circuit applies the "legal certainty" test established by the Supreme Court in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283 (1938). See Federico v. Home Depot, 507 F.3d 188, 197 (3d Cir. 2007). Under the Red Cab test, the case must be dismissed or remanded "only if 'from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount.'" Id. (quoting Red Cab, 303 U.S. at 289.) While Defendants indeed bear the burden of demonstrating that there is subject matter jurisdiction, doing so does not require them to make an affirmative showing that Plaintiff is more likely than not entitled to more than $75,000 in damages. There is a significant difference between a standard requiring a removing defendant to prove the value of plaintiff's

claim and a standard requiring the defendant to demonstrate that recovering over $75,000 is not foreclosed by the allegations of the complaint. The difference is highlighted by the Third Circuit in Federico:

> Under *Red Cab*, a case must be dismissed or remanded if it appears to a legal certainty that the plaintiff cannot recover more than the jurisdictional amount of $75,000. The rule does not require the removing defendant to prove to a legal certainty the plaintiff can recover $75,000 – a substantially different standard. This reading of the legal certainty test is supported by *Meritcare*, *Bloom*, *Packard*, and *Nelson*. None of these cases require the defendant to prove the jurisdictional amount to a legal certainty in order to remain in federal court.

Federico, 507 F.3d at 195 (quoting Valley v. State Farm Fire and Cas. Ins. Co., 504 F.Supp.2d 1, 3-4 (E.D.Pa. 2006)) (emphasis in quotation). While Federico noted that in some cases, a defendant seeking removal would indeed have to meet the more onerous burden of proving that the plaintiff can recover the jurisdictional amount, that standard applies only where the complaint specifically avers that the amount in controversy is less than the jurisdictional minimum. Id. at 196-97. In the instant case, Plaintiff's Complaint does not specifically allege an amount in controversy; rather, a demand is made for an unspecified amount of damages, attorney's fees, and costs of suit. Thus, pursuant to Frederico, the Red Cab standard governs. Id. at 197. "[T]he case must be remanded if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount." Id. Further, "the *challenger* to subject matter jurisdiction ha[s] to prove, to a legal certainty, that the amount in controversy *could not exceed* the statutory threshold." Id. at 195 (emphasis in original).

In Plaintiff's reply brief, Plaintiff merely states that Morrison "does not demand damages in excess of $75,000" but fails to establish that the amount in controversy could not exceed the statutory threshold required to establish diversity jurisdiction. Based on this, the Court finds that Plaintiff fails to prove, to a legal certainty, that the amount in controversy could not exceed

$75,000. The Court further notes that, at the time of removal, it appears that the amount in controversy exceeded the jurisdictional amount. Although Plaintiff's Complaint failed to include an assessment of damages, the Complaint claims that Plaintiff "sustained serious and permanent injuries," "suffered and will in the future suffer great pain," "has and will in the future be required to expend large sums of money for the cure and treatment of her injuries," and "has been and will in the future be unable to pursue her normal daily activities as before." (Compl. ¶¶ 4, 8, 11.) Additionally, in Plaintiff's Notice of Claim sent to the Port Authority of New York and New Jersey, Plaintiff estimates damages to be $500,000, an amount which is significantly higher than that which is required to establish diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Thus, not only does Plaintiff fail to meet its burden in successfully challenging subject matter jurisdiction, but the Court is satisfied that, based on the pleadings, the amount in controversy requirement is met.

Thus, for the foregoing reasons, this Court finds that diversity jurisdiction exists, pursuant to 28 U.S.C. § 1332(a)(1).

Accordingly, **IT IS** on this 17th day of December, 2019,

**ORDERED** that Plaintiff's motion to remand [ECF 5] be and hereby is **DENIED**.

                                                                             s/ Stanley R. Chesler
                                                          STANLEY R. CHESLER
                                                        United States District Judge